**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIAMEISHA EDMOND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FALCK USA, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes KIAMEISHA EDMOND ("Plaintiff"), by and through her attorneys, Farah Law, P.C., complaining as to the conduct of FALCK USA, INC., ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18, residing in San Joaquin County, California, which is located within the Eastern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant "provides ALS and BLS ambulance services in 10 states in the US," and is "the second largest private provider of emergency medical services in [the] country."[1] Defendant also uses the telephone to collect upon consumers who have defaulted on their ambulance service payments, including those located within the state of California. Defendant is a corporation organized under the laws of Delaware, with its principal place of business located at 1517 West Braden Court, Orange, California 92868. Defendant's registered agent is C T Corporation System, located at 28 Liberty Street, New York, New York 10005.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://us.falck.com/en/us_emergency/corporateprofile

**FACTS SUPPORTING CAUSES OF ACTION**

9. In early 2020, Plaintiff began receiving calls to her cellular phone, (209) XXX-1303, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1303. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, and often has to repeatedly state "hello" before a live representative begins to speak.

12. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

13. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant is attempting to collect upon a debt ("subject debt") owed by an individual named "Mike Switzer," with whom Plaintiff is unfamiliar.

14. Upon information and belief, the subject debt stemmed from Mike Switzer's purported default on an ambulance service bill.

15. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

16. Plaintiff has even reiterated this information during subsequent phone calls with Defendant.

17. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up through the filing of this lawsuit.

18. Despite lacking permission to call Plaintiff's cellular phone, as well as being told that the individual it was attempting to reach was unknown and to stop calling, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

19. Defendant has mainly used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (209) 287-0415 and (209) 287-0445.

20. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

21. Due to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an

ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff often experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Additionally, Plaintiff never supplied Defendant with her phone number and even told Defendant to stop calling, but yet, Defendant's telephone system continued to randomly generate Plaintiff's phone number and place calls to her cellular phone.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29. Defendant violated the TCPA by placing not less than 25 phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent.  Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone.  Defendant was contacting Plaintiff looking for a random individual with whom Plaintiff has no relationship.  As such, Plaintiff could not have given Defendant consent to contact her, but yet, Plaintiff still continued to receive over 25 calls intended for this unknown individual.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIAMEISHA EDMOND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

6

### i. Violations of the FDCPA §1692b

37. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

38. Defendant violated §1692b and b(3) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by an unknown individual. Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling her. At that point, Defendant had more than enough information to know that the number it was calling did not belong to the debtor it was seeking to speak with. Armed with this information, Defendant still continued to bombard Plaintiff with unconsented phone calls.

### ii. Violations of the FDCPA §1692c and §1692d

39. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

40. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 25 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of

this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

41. Defendant was notified by Plaintiff that its calls were not welcomed. Plaintiff went so far as to reiterate her demand that the contacts cease, yet these demands went unacknowledged. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff, but willfully proceeded in light of the same.

### iii. Violations of the FDCPA § 1692e

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 25 times in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment, even though the debt was not hers. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when, not only did Defendant not have consent in the first place, but it was also subsequently told to stop calling.

### iv. Violations of FDCPA § 1692f

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

8

46. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 25 times and asking to speak with an individual who was not Plaintiff. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it was contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

47. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff did not wish to be contacted, but yet, it continued to bombard Plaintiff with automated phone calls demanding payment for the subject debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

48. As plead in paragraphs 21 through 24, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KIAMEISHA EDMOND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 11th day of August, 2020.    Respectfully submitted,

By: /s/ Neda Farah
**FARAH LAW, P.C.**
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com